IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN HODSON | ) | |
| | ) | Civil Action No.   03 - 0374e |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| | ) | |
| ALPINE MANOR, INC. d/b/a | ) | |
| INTEGRATED HEALTH SERVICES | ) | |
| OF ERIE AT BAYSIDE | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

**AND NOW**, comes the Defendant, Alpine Manor d/b/a Integrated Health Services of Erie at Bayside ("Defendant" or "Alpine Manor"), by and through its attorneys, CHARLES H. SAUL, ESQUIRE and MARGOLIS EDELSTEIN, and hereby answers the Amended Complaint of Plaintiff, Kathleen K. Hodson. Unless specifically admitted herein, each and every factual averment of the Amended Complaint is denied.

## INTRODUCTION

Plaintiff was terminated from her position of employment for legitimate business reasons having no relationship to Plaintiff's allegations of discrimination and retaliation. After a full investigation, the Equal Employment Opportunity Commission ("EEOC") dismissed the allegations of discrimination and retaliation contained in Plaintiff's underlying Charge of Discrimination. The EEOC found that it was unable to conclude that the information contained during its investigation established a violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans With Disabilities Act ("ADA"), or the Age

Discrimination and Employment Act. A true and correct copy of the EEOC's dismissal of Plaintiff's underlying Charge of Discrimination is attached to Defendant's Answer to the original Complaint as Exhibit 1.

The Plaintiff represents herself in this matter. Her Complaint consists of two lengthy, unnumbered paragraphs. She states that she is filing a Title VII Complaint against Defendant. Based upon statements contained later in her Complaint, it appears that she is claiming that she was fired on May 17, 2002 due to her religion, which, if true, would constitute a violation of Title VII.

Plaintiff also claims that she was discriminated against by management during her employment because of her disability in violation of the Americans With Disabilities Act. Defendant denies said allegation.

Plaintiff further claims that she was harassed during her employment, but does not state whether or not she is claiming sexual harassment, harassment due to her disability, or harassment for some other reason.

Finally, Plaintiff alleges that she was terminated in retaliation for having been injured on the job. Plaintiff does not specify whether she is alleging such retaliation under Title VII or the ADA or under a common law wrongful discharge theory. As Plaintiff is *pro se*, Defendant will consider her allegation of retaliation under all three theories.

## ANSWER

1.     Defendant admits that Kathleen Hodson is an individual who resides at the address set forth in the Complaint.

2.     It is admitted that Plaintiff was employed by Alpine Manor, Inc. d/b/a Integrated Health Services of Erie at Bayside ("Alpine Manor") at its skilled nursing home facility in Erie, Pennsylvania.

3. It is admitted that Plaintiff was hired on or about May 15, 1997, as a Licensed Practical Nurse ("LPN") and that she was terminated by Alpine Manor on May 17, 2002.

4. It is admitted on or about March 30, 2001, Plaintiff reported that she had injured herself on the job and filed a workers' compensation claim. After reasonable investigation, Defendant has insufficient information to determine the truth or falsity of the claim that she had in fact injured her back or that said alleged injury occurred in the workplace. Therefore, said allegation is denied, and strict proof thereof is demanded.

5. It is admitted that Plaintiff was permitted to work light duty from July 6, 2001 until her termination date with a weightlifting restriction of approximately 20 to 30 pounds.

6. It is denied that Roger Watkins engaged in the alleged "sexual harassment" pled in the Complaint. It is further denied that Plaintiff reported said alleged "sexual harassment" to Carl Kovski or any administrators of Defendant.

7. It is admitted that Plaintiff was fired on May 17, 2002. It is denied that Plaintiff was terminated for the reasons stated or alluded to in the Complaint. Rather, Plaintiff was terminated because she was scheduled for work, clocked in, and then walked off the job during her shift because she did not wish to perform her work as assigned, even though such work assignment would not have exceeded her medical restrictions.

8. Plaintiff alleges that she was denied a less physically demanding position that became open, but does not specify the date nor the reason for this alleged denial. It is denied that Plaintiff was not selected for any open position due to her religion or alleged disability, because she filed a workers' compensation claim, or because of any other unlawful reason.

9. It is denied that Defendant engaged in any conduct violative of Title VII or the ADA or that Plaintiff was terminated because she filed a workers' compensation claim.

**WHEREFORE**, Defendant respectfully requests that the Complaint, as amended, be dismissed with prejudice, that judgment be entered in its favor, and that Defendant be awarded its reasonable attorney's fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to allege sexual harassment or a sexually hostile environment in the Charge of Discrimination that she filed with the Equal Employment Opportunity Commission, which is a prerequisite to the filing of such an allegation in the instant Complaint. A true and correct copy of Plaintiff's Charge of Discrimination is attached to Defendant's Answer to Plaintiff's original Complaint as Exhibit 2.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint contains allegations of misconduct which occurred more than three hundred (300) days prior to the date of the filing of her Charge of Discrimination with the EEOC, and, therefore, said allegations are barred under Title VII.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate business reasons having no relationship whatsoever to Plaintiff's alleged disability or religion or due to her filing a worker's compensation claim.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff walked off the job and abandoned her job of her own free will and accord.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability as defined under the ADA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff does not have physical or mental impairments substantially limiting one or more life activities, nor does she have a record of such impairment, nor is she regarded as having such impairment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, because Plaintiff's damages, if any, were incurred because of factors other than those alleged in her Complaint.

## NINTH AFFIRMATIVE DEFENSE

Defendant acted at all times herein without an intent to discriminate, harass, or retaliate and without intent to engage in any unlawful employment practice.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff does not set forth a case of sexual harassment or harassment due to her disability, because the alleged harassment was neither severe nor pervasive.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages as Defendant's conduct did not rise to the level of conduct that could support such a claim.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted, because Plaintiff's damages, if any, were incurred because of factors other than those alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted, because Plaintiff has failed to mitigate her damages or is engaged in conduct which contributed to her damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to use her employer's complaint procedure to report allegations of sexual harassment, retaliation, or other improper or unlawful conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not constructively discharged because she was not subject to conditions of employment which were so intolerable that a reasonable person subject to them would have felt compelled to resign.

**WHEREFORE**, Defendant respectfully requests that the Complaint, as amended, be dismissed with prejudice, that judgment be entered in its favor, and that Defendant be awarded its reasonable attorney's fees and costs.

Respectfully submitted,

MARGOLIS EDELSTEIN

CHARLES H. SAUL, ESQUIRE
PA I.D. #19938

The Grant Building, Suite 1500
310 Grant Street
Pittsburgh, PA  15219
(412) 281-4256

Counsel for Defendant