IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN HODSON | ) | |
| | ) | Civil Action No. 03-0374e |
| Plaintiff, | ) | |
| | ) | Judge Maurice B. Cohill, Jr. |
| vs. | ) | |
| | ) | |
| ALPINE MANOR, INC. d/b/a | ) | |
| INTEGRATED HEALTH SERVICES | ) | |
| OF ERIE AT BAYSIDE | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. BACKGROUND

Plaintiff, Kathleen Hodson, pro se, filed a Complaint on November 17, 2003, charging her former employer, IHS OF ERIE AT BAYSIDE, 4114 SCHAPER AVE., ERIE, PA., 16508, with discriminating against her, because of her having to file a workmans' compensation claim, after being injured at work, and being put on a "light-duty," work restriction, probably, "permanently." (1) Plaintiff was fired on May 17, 2002, because she was **unable**, to do the work assignment, she was given on this day. (2) Plaintiff was discriminated against by management, during her employment because of her disability; (3) Plaintiff was harassed during her employment because of her being on workmans' comp. (4) Plaintiff was terminated as a part of, the ongoing harassment; (5) Plaintiff reported the disability and sexual harassment to, the management person, she was told to come to, for

**everything**, the Administrator of the facility; (6) Plaintiff was told by Human Resource Manager, "I'm not allowed to talk to you, You are to go to Carl,"( the Administrator.) (7) Plaintiff was, blatantly, discriminated against in violation of Title VII; the Americans With Disabilities Act; ADA; retaliated against under all three theories, being pro se, as the Defendant states, in their brief.

II. **STATEMENT OF FACTS'**

Kathleen Hodson, a Licensed Practical Nurse, an employee of IHS, was injured, on the job, on March 30, 2001. A workmans' comp. claim was filed, shortly, thereafter. Plaintiff, Kathleen Hodson, who had never been on workmans' comp, before, only knew that the back pain, she was experiencing, was ruining her life! Both, work-wise, and in every way. The Plaintiffs' Dr. took her off work, at the end of January, 2002, for increased back pain, to give her back a rest, for a couple of months. Plaintiffs' workplace and its' comp. insurance carrier, refused to acknowledge this Dr., and said they would only recognize, the orthopedic Dr. Contrary to what Defendants' Brief states "Hodson," ( Plaintiff ), did not go on a medical leave of absence, IHS, her employer, put her on an unpaid family leave of absence, effective January 31, 2002. Even **after** I was taken off work by the Dr., " the insurance company recognizes," I was given no monies from workmans' compensation. Also, during this period of time, I was told I could not collect, any monies from my short or long-term disability insurance, I paid into every pay-period, because, I was off for pain, due to a work-related injury. I, Kathleen Hodson, the Plaintiff, received certified letters from the administrator, during this

extremely, painful time, telling I was on leave, without pay, and another one telling me he had "light-duty," work for me, within my functional capacity evaluation range. When, I finally, was able to return to work, I was given a totally, different job description, which was really, not "light-duty," but full-duty, with a couple of restrictions, outlined by management. When, I tried to tell the Human Resource Manager, that she knew, and I knew, this wasn't right, she told me, I needed to talk with, the administrator. Needless, to say I didn't last, very long. I was in excruciating pain, which I told management, I tried to fix my cart so I wouldn't have to bend, so much. But, having to be on my feet, and walking almost, the entire shift, I was being injured, all over, again! Plaintiff made numerous requests for reasonable accommodations, such as a vacant, not yet posted, desk job. I asked the administrator if I could have this position. He said he would see what he could do. I never was interviewed, for this position, in fact I never heard back from, the administrator, at all. the next thing I knew another LPN, had the job!

Contrary to, the Defendants' brief, which states Plaintiff was reprimanded numerous times for insubordination, as Dave Dinges, the acting Director of Nursing, testified to, under oath, at the Plaintiffs' workmans' comp hearing, Kathleen Hodson, had never been reprimanded for leaving work, nor had she been reprimanded for declining work. And, there is no evidence available, that Plaintiff, was ever insubordinate, or ever written up for insubordination. As plaintiff shows in her witnessed and notarized affidavit, on her Performance Evaluation, done by

Kathleen Mannion, RN, Plaintiff was well liked by residents, Plaintiff was consistant with care, Plaintiff had a positive working relationship with patients and residents, visitors and facility staff. Authority is acknowledged and response to direction of supervisors is appropriate.

## IV. **IN CONCLUSION,**

Ray Martinez, the Human Resources Director, at the Corporate level, had the workmans' compensation monies, turned on, and to my house, via UPS, ASAP, like within 10 days! He couldn't tell me, enough times, that I was not terminated! Attached are conflicting documentation, one stating I was terminated, the other stating I was put on, workmans' comp. Plaintiff, Kathleen Hodson, contends that there is ample, and irrefutable evidence that she was discriminated against, because of being disabled, after being injured on the job, being fired, being just another instance of the, disability discrimination. The harassment was severe enough to cause me, to go to the administrator and complain. There exists the two different job descriptions, for the same period of time. Plaintiffs' charge for wrongful discharge, should be upheld, and furthermore Plaintiff, even though she is pro se, deserves the right to a jury trial.

Respectfully submitted,
*Kathleen Hodson*
Kathleen Hodson, pro se
2201 Keystone Drive
Erie, PA. 16509
814-868-3096