IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN HODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 03-374 Erie |
| | ) |
| INTEGRATED HEALTH SERVICES | ) |
| LONG TERM CARE, INC., d/b/a | ) |
| IHS AT BAYSIDE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently pending before the Court is "Plaintiffs' Motion to Strike Affidavits" (Doc. 42). The Court has also received defendant's response thereto, as well as "Plaintiffs' Response to Defendants' Response to Plaintiffs' Motion to Strike Affidavits." Docs. 43, 44. For the reasons stated herein, we will deny the motion to strike.

Plaintiff, pro se, argues that we should strike the affidavits which defendant submitted in support of its Motion for Summary Judgment on the basis that they "show, no witness to, the signature of the person, signing, each one, nor is there any indication, or any of the preceding Affidavits, being notarized," citing Mary A. DeVries, Legal Secretary's Complete Handbook, Fourth Edition. Pl.'s M. ¶ 1. Each of the affidavits in question has the following language:

> I have read and had an opportunity to correct this Affidavit consisting of ___ pages and I hereby verify under penalty of perjury that the statements contained in this Affidavit are true and correct to the best of my knowledge and belief."

1

Each of the affidavits is also signed and dated by the affiant. We note that the plaintiff herself has also submitted an affidavit in support of her Opposition to Defendants' Motion for Summary Judgment, which has been sworn and notarized.

Federal Rule of Civil Procedure 56(e) requires that affidavits and other materials submitted in support or opposition to a motion for summary judgment be sworn or certified. Matters which are not sworn or certified should be stricken. Bee v. Local 719, United Auto Workers, 744 F.Supp. 835, 836 (N.D.Ill.1990); Flair Broadcasting Corp. v. Powers, 733 F.Supp. 179, 182-83 (S.D.N.Y.1990). Nonetheless, 28 U.S.C. § 1746 provides that unsworn written declarations which substantially conform to a statutorily prescribed form and are dated and signed by the maker have the same force and effect as sworn declarations. Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985), cert. denied, 475 U.S. 1107 (1986) ("Affidavits are admissible in summary judgment proceedings if they are made under penalties of perjury. . .").

28 U.S.C. § 1746 provides, in relevant part, that whenever "any matter is required or permitted to be supported . . . by sworn declaration, . . . certificate, statement, oath, or affidavit, . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, . . . or statement, . . . as true under penalty of perjury." 28 U.S.C.A. § 1746 (Thompson West 2005). Moreover, the statute delineates the form an unsworn affidavit or certification must take, requiring that it state: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)" 28 U.S.C.A. § 1746 (2).

We find that each of the defendant's affidavits substantially conforms to the statutory

model and provides adequate assurances of veracity and reliability. Critical in the statutory prerequisite is the phrase "under penalty of perjury," as the purpose of 28 U.S.C. § 1746 is "to set the stage for a federal prosecution in the event of falsity." In re Smolarski, Nos. 88-611, 87-5523, 88-1047, 1988 WL 120652, at *2 (E.D.Pa. Nov.3, 1988).

Rule 56(e) provides that when affidavits are used to support or oppose a summary-judgment motion, they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." For the benefit of the plaintiff, who is pro se, we would like to explain another important principle to be considered regarding the use of affidavits. Since the function of the judge when resolving a summary-judgment motion is to determine if a genuine factual dispute exists, affidavits may not be employed to *resolve* disputed factual issues. They may be used only to *determine whether any issues actually are in dispute.* U. S. ex rel. Jones v. Rundle, 453 F.2d 147, 150 (3d Cir. 1971). We will weigh the affidavits in accordance with this and any other appropriate standard when we rule on defendant's Motion for Summary Judgment.

To the extent that the plaintiff's confusion over the use of affidavits has caused her undue prejudice, we will permit her to supplement her opposition to the motion for summary judgment as she sees fit.

AND NOW, to-wit, this __13th__ day of September, 2005, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Strike Affidavits (Doc. 42) be and the same is hereby DENIED.

IT IS FURTHER ORDERED THAT plaintiff shall be permitted to file a Surreply to

3

Defendant's Reply Brief in Support of Motion for Summary Judgment (Doc. 47) on or before October 14, 2005.

                                                                    /s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
United States District Court Judge

cc:    counsel of record
        Kathleen Hodson