IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATHLEEN HODSON** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | Civil Action No. 03-0374e |
| ) | |
| ) | Judge Maurice B. Cohill, Jr. |
| **ALPINE MANOR INC. d/b/a** ) | |
| **INTEGRATED HEALTH** ) | |
| **SERVICES OF ERIE AT BAYSIDE** ) | |
| ) | |
| **Defendant** ) | |

## PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW comes the Plaintiff, Kathleen Hodson, pro se, and files the within Statement of Material Facts in Dispute;

1. <u>All</u> testimony of Plaintiff, is true, with ample documentation, to back up, the Plaintiffs' material issues of fact. There are no contradictions. There is no basis for the Defendants' Motion for Summary Judgment.

2. Plaintiff was doing "paperwork," along the lines of, the "light-duty," job description, sent via certified letter, from the Administrator, prior to being taken, off work for, increased back pain, by her Dr., at the end of January, 2001. Plaintiff **did not** go on a medical leave of absence, **voluntarily**. Plaintiff was sent another certified letter, from the Administrator, telling her the workmans' comp. insurance carrier wouldn't recognize, this Dr.s', taking her off work. Plus, Plaintiff was told

that because this was work-related, she couldn't collect from her short or long-term disability. IHS then stated, in this certified letter, she was on unpaid medical leave of absence. Plaintiff, ended up, procuring no less than **three**, time-off work slips, from three different physicians, including the orthopedic surgeon, Plaintiff was seeing, and still no compensation! Human Resource person, Sheila Rist, **knew** I was disabled, because I told her, I was. She **knew**, I asked her repeatedly, for compensation for my disability. To state, otherwise, is not the truth!

  3. When Plaintiff, returned to work, she was given an entirely, different, job description, than what she was doing, prior to, being taken off work for, increased back pain, and completely, different, from the job description, sent to her home via certified letter. My, return to work slip, was based upon my previous "light-duty," job, and IHS **knew** this because I told them that " this isn't right, you know this isn't light-duty." <u>Exact words</u>, to Sheila Rist, the Human Resource person, who replied she wasn't allowed to talk to me, about this, that I needed to talk with the Administrator, Carl Kovski, which I did, also, to no avail. Plaintiff would call this, a request for reasonable accommodations, plus when I requested the MDS position, to the Administrator. These requests were definately denied!

  4. Plaintiff was **never** reprimanded for insubordination. In fact, Plaintiffs' latest performance evaluation, from her Supervisor, were all 2's, and 1's, no 3's. 1= Exceeds Expectations, 2= Meets Expectations, 3= Improvement Needed. Most of the Plaintiffs' write-ups, were " verbal," and from the one, on February 25, 1999, on not documenting, **why**, the resident didn't get out of bed, <u>**3 years,**</u>

went by without any write-ups, at all!

    5. Plaintiff did request reasonable accommodations, on May 17, 2002, which were denied. Plaintiff **did not**, abandon her position. Plaintiff informed Ms. Curry, the nurse on northwest hall that she was unable to relieve her, and the director of nursing, assistant director of nursing, and the human resource person, Sheila Rist, that Plaintiff was unable to do the assignment given her that day, before leaving after Dave Dinges stated, " then you no longer work here." These were the exact words! Sheila Rist, the Human Resource Department Head was present, throughout and said nothing, even though she heard the Plaintiffs' request for reasonable accommodations.

    6. Plaintiff brought all of her complaints to the Administrator, Carl Kovski, because this was what she was told to do, by him! Ray Martinez stated over the phone that, I was not terminated, and he also said, " this should've never happened." Plaintiff did call Mr. Kovski and pleaded to go back to work. Plaintiff also, on more than one occasion, asked Mr. Martinez, to go back to work. Plaintiff could have worked at the desk-job, the MDS position, which was open, at that same time.

    7. Dave Dinges, not only wrote the note, asking the Plaintiff if, she laid hands on them and healed them, he admitted to using , <u>the very same words,</u> when talking to a co-worker/supervisor, in jest, at least on one other occasion. Dave Dinges , wrote this , in a statement given to Corporate after he fired me. The very same words!

8. Plaintiff has never used the word "faggot," in her life! Cathy Mannion who has said I used this word, which was directed at Roger Watkins, is blatantly, perjuring herself, in the affidavit! Is there no penalty, in this? Cathy Mannion was an RN supervisor and I would hope that if anyone said or used, such an awful word, they would be reprimanded! Roger Watkins, also, blatantly, perjured himself, in his affidavit, when he stated Plaintiff made discriminatory remarks, concerning his sexual orientation. Roger Watkins also denied pinching, a nurses' nipple as he walked by, while that nurse and I was talking, at the nurses' station! Is there no penalty for this blatant, written, perjury? Even Carmen Callicott, the nurse in this afore-mentioned, heinous, incident has denied, perjuriously, that this incident ever happened! Is there no penalty for this?

Plaintiff has been accused of having a problem with Roger Watkins' "lifestyle." "Lifestyle," as defined in the dictionary reads, a persons' way of life. Plaintiffs' complaints about Rogers' harassment of myself, would be the same, even if he were a heterosexual. Plaintiffs' complaints concerning Roger Watkins' behavior, has nothing to do with his sexual orientation, on my part. The constant bombardment ,of sexually explicit , language, describing his genital endowments, and sexually explicit ,fantasies and escapades, **in my presence**, is what I couldn't and shouldn't have had, to take. That is why I went to the Administrator Carl Kovski, and complained! Mr. Kovski, did say " oh, that's just Roger." And Mr. Kovski, did not follow company policy, on this. He was supposed to investigate this and also, report it to Corporate, which he never did!

This is Plaintiffs' Surreply, as permitted by the Court. Plaintiff is confident, even being pro se, that a genuine factual dispute does exist, a the Defendants' Motion for Summary Judgment will be denied. Plaintiff pleads with the Court to allow this case to go forward, and let a jury decide upon the evidence.

                                                      Respectfully submitted,
                                                     By /s/ Kathleen Hodson
                                                     Kathleen Hodson, pro se
                                                     2201 Keystone Drive
                                                     Erie, PA. 16509
                                                     814-868-3096